Doris Buer, Plaintiff-Appellee, v. Anne Hamilton, Defendant-Appellant.

Gen. No. 64–F–9.

Fifth District.

April 16, 1964.

Reed and Armstrong, of Edwardsville, for appellant.

Morris B. Chapman and Roy W. Strawn, of Granite City, for appellee.

REYNOLDS, J.

This cause comes to this court on a petition for leave to appeal. Doris Buer, plaintiff brought her suit for personal injuries against Anne Hamilton, for injuries

caused by a collision between the vehicles of the plaintiff and defendant at an intersection in Granite City, Illinois. Plaintiff sued for $15,000. Trial was had before a jury in the City Court of Granite City, and the jury returned a verdict for the plaintiff and assessed her damages at $2,000. Plaintiff thereafter filed her post-trial motion to vacate the judgment and to grant a new trial on the ground that the damages allowed by the jury were wholly inadequate and insufficient in view of the evidence. The trial court granted the motion and ordered a new trial. Defendant Anne Hamilton, petitioner in this cause, petitions this court for leave to appeal the order of the trial court granting a new trial.

■ Since the verdict of the jury finding the issues for the plaintiff determined the question of liability, the only question before this court is whether the trial court properly granted the motion for a new trial. The grounds for a new trial are limited to the one question, namely, was the amount of damages allowed by the jury adequate and sufficient in view of the evidence? If the damages allowed by the jury were clearly inadequate or excessive, the trial court has the right and duty to grant a new trial.

■ ■ In passing on a motion for a new trial, the trial judge has a greater latitude in passing on questions of fact than on questions of law, and a reviewing court will not reverse a ruling on a question of fact unless a clear abuse of discretion is shown. Hulke v. International Mfg. Co., 14 Ill App2d 5, 142 NE2d 717; Lukich v. Angeli, 31 Ill App2d 20, 175 NE2d 796. The matter of granting a new trial is in the sound discretion of the trial judge. Parke v. Lopez, 306 Ill App 486, 29 NE2d 30; Ledferd v. Reardon, 303 Ill App 300, 25 NE2d 116; Josate v. Mack, 302 Ill App 246, 23 NE2d 778; Hulke v. International Mfg. Co., 14 Ill App2d 5, 142 NE2d 717. As said in the Hulke case, "The pre-

173

siding judge in passing upon the motion for new trial has the benefit of his previous observation of the appearance of the witnesses, their manner in testifying, and of the circumstances aiding in the determination of credibility. The trial judge is in a better position than a court of review to weigh the evidence. The allowance or refusal of the motion is largely within the discretion of the trial court. His decision is subject to review, but it is commonly said that it will not be reversed except for a clear abuse of discretion. Gavin v. Keter, 278 Ill App 308; In re Estate of Velie, 318 Ill App 550, 48 NE2d 431; Chapman v. Baltimore & O. R. Co., 340 Ill App 475, 92 NE2d 466; Matkins v. Fenorsky, 348 Ill App 125, 108 NE2d 373."

The trial court has not only the right, but the duty to grant a new trial where the damages awarded are inadequate. O'Brien v. Howe, 30 Ill App2d 419, 174 NE2d 905; Avrams v. Fuller, 325 Ill App 694, 60 NE2d 644.

The rule thus laid down in the above cited cases, predicated upon the theory that the trial court must have broad discretionary powers and that his action will not be reversed on appeal except in case of clear abuse of discretion, is not absolute. There are numerous cases that hold that the order of the trial judge granting a new trial was erroneous.

Reviewing courts are reluctant to reverse the trial judge in granting a new trial, but where the appellate tribunal feels that the trial judge has invaded the constitutional prerogative of the jury and thereby committed an abuse of discretion, reviewing courts have not hesitated to reverse the order. Stobbs v. Cumby, 9 Ill App2d 138, 144, 132 NE2d 448; Stilfield v. Iowa-Illinois Gas & Elec. Co., 25 Ill App2d 478, 490, 167 NE2d 295.

■ ■ The focal point of judicial review is reasonableness of the particular inference or conclusion

drawn by the jury. It is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. The very essence of its function is to select from among conflicting inferences and conclusions that which is considered most reasonable. That conclusion, whether it relates to negligence, causation, or any other factual matter, cannot be ignored. Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable. Tennant v. Peoria and P. U. Ry. Co., 321 US 29, 88 L Ed 520; Stilfield v. Iowa-Illinois Gas & Elec. Co., 25 Ill App2d 478, 167 NE2d 295; Dowler v. New York Cent. & St. L. R. Co., 5 Ill2d 125, 125 NE2d 41; Pitrowski v. New York Cent. & St. L. R. Co., 4 Ill2d 125, 122 NE2d 262.

Unless the finding of the jury on a question of fact is so unreasonable, arbitrary and unsupported by the evidence, that it would justify the trial judge in granting a new trial, the finding of the jury is binding upon the court under the facts. Stilfield v. Iowa-Illinois Gas & Elec. Co., 25 Ill App2d 478, 490, 167 NE2d 295.

The motion for new trial raised only the point that the damages awarded by the jury were inadequate. The order granting a new trial is based on the alleged inadequacy of the verdict, the trial court holding that the verdict was inadequate and contrary to the weight of the evidence with reference to damages and injuries. On this point, the evidence is susceptible to several conclusions. There is no evidence that there were permanent physical injuries. There was evidence that the plaintiff's nervous or mental condition was related to the collision. Three psychiatrists testified the plain-

175

tiff needed further psychiatric treatment, but disagreed as to the duration of such treatment. One said the treatment would be of uncertain duration, another said plaintiff needed weekly treatments for a year, and one fixed the treatment needed at 100 hours, or approximately two years weekly treatment. The price of each treatment would be about $25 for 60 minutes.

In considering this evidence, it seems that the jury determined that the plaintiff needed approximately one year's treatment and added the cost of this treatment to the out-of-pocket expenses of the plaintiff and found that the plaintiff was entitled to damages in the amount of $2,000. This verdict of the jury was a determination of a fact issue, and unless the verdict is so clearly unreasonable, arbitrary and unsupported by the evidence, the verdict is binding upon the court under the facts.

Having considered the evidence this court cannot say that the verdict of the jury is unreasonable, arbitrary or unsupported by the evidence. The verdict is well within the range of the testimony as to damages and injuries. On the whole record, we do not believe the trial judge had the right to interpose his judgment for that of the jury on the question of facts presented. The order granting a new trial should not have been entered.

██ ██ The same rule that says that a reviewing court will not reverse the trial court except in clear cases of abuse of discretion, also applies to the trial judge in passing on a motion for a new trial. The trial judge has no right to interpose his judgment for that of the jury on the question of fact presented, unless that judgment is unreasonable, arbitrary and unsupported by the evidence.

This court having granted the defendant right to appeal in this cause, the cause is now ordered re-

manded to the trial court with instructions to expunge the order granting a new trial, to re-instate the verdict of the jury and to enter judgment on the verdict for the plaintiff in the amount of $2,000.00 and costs of suit.

Reversed and remanded with instructions.

DOVE, P. J. and WRIGHT, J., concur.