Veronica D. Zane Potter, Administrator of the Estate of James Zane, Deceased, and Veronica Zane Potter, Plaintiff-Respondent, v. Ace Auto Parts and Wreckers, Inc., a Corporation, and Ronald Rossle, Defendants-Petitioners.

**Gen. No. 49,423.**

First District, Third Division.

June 11, 1964.

Lloyd P. Douglas and Sydney W. Hollander, of Chicago, for petitioners.

Louis A. Smith and Lester E. Munson, of Chicago (Simon Herr, of counsel), for respondent.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

This is an appeal from an order of the trial court granting a motion for a new trial in a negligence action brought by the mother of James Zane, the administrator of his estate.

The case arose from an accident between two station wagons. James Zane, a boy of 13, was riding in the back seat of one of them; the other was owned by the defendant Ace Auto Parts and Wreckers, Inc., and was driven by the defendant Ronald Rossle, who was the president of the company. James, who had been in good health prior to the accident, suffered lacerations of the face and a brain concussion. He was in a hospital for two weeks. His doctor examined him soon after his discharge and was of the opinion that he had made a complete recovery. About a month later he became ill and was in a semiconscious condition. He was again hospitalized and his illness was diagnosed as diabetes. He died a week later. His attending physician said that the immediate cause of death was a diabetic coma with underlying conditions of acidosis and electrolyte imbalance.

The two principal issues at the trial were whether the negligence of Rossle was responsible for the accident and whether the injuries received by James in the accident were the proximate cause of his diabetes and death. The verdict of the jury was for the defendants. A new trial was granted the plaintiff.

Before granting the plaintiff's motion, the trial judge gave a full explanation of his reasons for doing so. He discussed the responsibility for the accident, the testimony of the doctor who testified for the defense, the contents of the hypothetical question put to the doctor, the argument to the jury and an instruction given to the jury. It was his opinion that Rossle's negligence caused the accident and that the verdict of

355

the jury that he was not negligent was contrary to the weight of the evidence; that the doctor who testified for the defendants testified more as an advocate than as a doctor; that the verdict of the jury on the medical issue was also contrary to the weight of the evidence; that the defendants' hypothetical question contained facts concerning James' religion and the plaintiff's divorce, which were unwarranted and prejudicial, and that an instruction was improperly given.

The trial judge's analysis of what took place at the trial was fortified by his having read the transcript of the evidence, which he did, as he said, in the light of the plaintiff's post-trial motion. His conclusion was that substantial justice was not done by the jury's verdict and that a new trial should be had.

A motion for a new trial is addressed to the discretion of the trial judge and his judgment thereon will not be reversed except for a clear abuse of such discretion, which must affirmatively appear in the record. The trial judge has an advantage over a court of review in that he has an opportunity to observe at firsthand the conduct of the trial, the demeanor of witnesses and counsel, the reaction of jurors to evidence and argument and the effect upon them of incidents that occur during the trial. If he is of the opinion that the verdict of the jury is not sustained by a preponderance of the evidence or that improper conduct or argument influenced the verdict, he should grant a new trial. Lukich v. Angeli, 31 Ill App2d 20, 175 NE 2d 796. In the present case the trial judge did not abuse his discretion but rather exercised it carefully and judiciously. The order of the trial court granting the motion for a new trial is affirmed.

Order affirmed.

SCHWARTZ, P. J. and SULLIVAN, J., concur.