Dario Bartolomucci, Plaintiff-Appellee, v. Chester L. Clarke, Defendant-Appellant.

Gen. No. 10,589.

Fourth District.

June 8, 1965.

Rehearing denied July 13, 1965.

Gillespie, Burke & Gillespie, of Springfield (Louis F. Gillespie, George B. Gillespie, Stuart Dobbs, and Gillespie, Burke & Gillespie, of counsel), for appellant.

Robert Weiner, of Springfield (Joseph A. Londrigan, of counsel), for appellee.

SMITH, P. J.

Plaintiff's suit for damages arising out of an automobile accident with the defendant resulted in a jury verdict in favor of the defendant. The trial court set aside this verdict and the judgment entered thereon and entered a judgment notwithstanding the verdict in favor of the plaintiff on the question of liability and directed a new trial on the damage issue only. Defendant appealed to this court. Plaintiff's motion was allowed to dismiss the appeal as premature. The cause was redocketed in the trial court. The court then granted plaintiff's motion that a conditional order for new trial on all issues be granted in event that the prior judgment non obstante veredicto is reversed, set aside, or vacated on appeal. This conditional order was based upon the ground that the verdict of the jury was against the manifest weight of the evidence. The cause was then tried on the issue of damages only before a jury with verdict and judgment for $27,000. From these rulings, the defendant now appeals and asks that the judgment entered on the original jury's verdict be reinstated and for such other relief as justice may require.

■■ Our first consideration must be directed to the propriety of the judicial interment of the first verdict of the jury by the allowance of plaintiff's motion for judgment notwithstanding the verdict on the question of liability. This requires a look at the evidence. In doing so, it is not our function to weigh the

231

evidence, determine its preponderance or pass upon the credibility of the witnesses. Eggimann v. Wise, 41 Ill App2d 471, 191 NE2d 425. Neither this court nor the trial court may determine as a matter of law what is ordinarily a question of fact unless it can be said that all reasonable minds would reach the same conclusion from the evidence and its reasonable inferences. Osborne v. Redell, 22 Ill App2d 193, 159 NE2d 841. Be it otherwise, a judgment non obstante veredicto lacks substance and is inappropriate.

Undisputed facts are that the accident took place about 5:00 p. m. on a clear, dry day in July on a two-lane North and South highway; that plaintiff, driving alone in his white Pontiac convertible, was proceeding Southward; that the defendant, also alone, was driving his Chevrolet pulling a two-wheel trailer weighing about 1310 pounds in the same direction; that the right rear of the trailer struck the rear end of the Pontiac; that defendant's car laid down skid marks for 35 feet before the impact and 108 feet thereafter; crossed the northbound lane and came to rest on the east side of the highway; the Pontiac traveled a distance of 106 feet and came to rest against a tree on the west shoulder of the highway, and that the impact occurred some 200 feet below the crest of a hill over which both parties had passed.

Plaintiff and defendant were the only occurrence witnesses. Plaintiff testified that he was driving south at about 25–30 miles per hour, reached the crest of the hill, saw a semitrailer in front of him, slowed down so that he trailed it 12–15 feet, heard the screech of brakes, looked into his rear-view mirror, saw the defendant's car behind him weaving from side to side and then felt the impact. He further testified that the traffic was light and that he was about 200 feet down the slope when he looked in the mirror and that "I at no time passed any cars in my lane of

travel" from the time he entered this highway some distance back.

Defendant testified he approached the crest of the hill at about 35 miles per hour; saw some traffic ahead of him; a white object popped up in front of him; he applied his brakes and pulled sharply to his right; that he did not know whether a car passed him; that he had been with his father that afternoon at some taverns; that from about 3:30 p. m. to 5:30 p. m. had 4 to 8 shots of whiskey in a 7-up mix; that he did not feel the drinks, was not sleepy and was wide awake.

The investigation trooper testified as to skid marks and that he "could detect alcohol" on defendant's breath. Defendant's mother testified that defendant left their motel with the trailer in tow to pick up his wife; that she "observed Chester and his eyes were clear. His movements were ordinary movements. He didn't stagger. He wasn't thick talking. In my opinion, he was not under the influence of alcohol at the time I saw him . . . to my knowledge he was sober. I would swear he was sober."

Mr. and Mrs. George D. Baker were in the fourth car behind the defendant's car as they started up the hill. Both testified that plaintiff passed them and the other three cars and pulled in behind the defendant's trailer. Plaintiff then at or near the crest of the hill pulled out again and passed the defendant. Neither saw the actual collision—both heard the crash. Mr. Baker testified he could see the back end of the trailer over the hill after plaintiff passed the defendant and "it seemed like a second or two . . . that I heard a loud noise banging." Mrs. Baker testified that she heard the crash "right away as soon as he passed."

The officer further testified that "as far as he could determine the defendant's trailer struck the plaintiff's car at an angle and that He [defendant] told me he

233

had come from his parent's place at the motel to pick up his wife and that he was going back to camp. I can't remember whether he said that evening or the next morning. . . . When I talked to Mr. Clarke at the scene he was courteous."

That the trial court may direct a verdict in proper cases on a certain issue or issues or submit the case to a jury on the question of damages only is no longer debatable. Smith v. Bishop, 32 Ill2d 380, 205 NE2d 461; Betzold v. Erickson, 35 Ill App2d 203, 182 NE2d 342; Ceeder v. Kowach, 17 Ill App2d 202, 149 NE2d 766. In Lowe v. Gray, 39 Ill App2d 345, 350, 188 NE2d 890, 892, the circumstances under which this may be done are rather concisely set forth as follows:

> "In the case of Piper v. Lamb, 27 Ill App2d 99, 169 NE2d 164, this court said: 'The general rule is that negligence and contributory negligence are questions of fact for the jury, and so long as a question remains whether either party had performed his legal duty or has observed that degree of care imposed upon him by the law, and determination of question involves weighing and consideration of the evidence, the question must be submitted as one of fact. Peterson v. Hendrickson, 335 Ill App 223, 81 NE2d 266. Even where the facts are admitted or undisputed but where a difference of opinion as to the inference that may legitimately be drawn from them exists, the questions of negligence and contributory negligence ought to be submitted to the jury—it is primarily for the jury to draw the inference. Denny v. Goldblatt Bros., Inc., 298 Ill App 325, 18 NE2d 555; Cloudman v. Beffa, 7 Ill App2d 276, 129 NE2d 286; Pantlen v. Gottschalk, 21 Ill App2d 163, 157 NE2d 548. In the case of Cloudman v. Beffa, 7 Ill App2d 276, at page 284, 129 NE2d 286, the court said that as long as a question remains

234

whether either party had observed that degree of care and caution imposed upon him by law, and the determination of the question involves the weighing and consideration of the evidence, the question must be submitted as one of fact.' "

The circumstances cited in Lowe do not appear in the record before us. There is a conflict in the testimony as to whether plaintiff passed anybody just prior to the accident; a clear conflict as to whether the defendant was under the influence of intoxicating liquors which contributed to the accident; a clear conflict as to whether plaintiff cut in front of the defendant, and a clear question as to the proximate cause of the accident. The determination of the conduct of both parties at and immediately before the accident involves a weighing of the evidence, the acceptance or rejection of certain testimony and the credibility of the witnesses. This is the judicial vineyard in which the jury properly labors under our system. We think it clear that reasonable minds might well draw different inferences and different conclusions from the evidence in this case. Under such circumstances, a court must stand silently on the sidelines.

 Plaintiff contends that all liability questions are resolved by judicial admissions of the defendant in his statement to the police officer at the scene of the accident. The officer testified as follows:

"He told me that he came over the overhead and saw this traffic in front of him slow. He started to stop himself and couldn't get stopped and swerved out to avoid hitting the car in the rear. And, of course, he lost control then and went where the car wanted to go, went sliding. That is what he told me."

Defendant offered no explanation of this statement nor did he mention to the police officer at the scene

the white object that popped up in front of him. In our judgment plaintiff fails to distinguish between an evidentiary admission and a judicial admission. The former may be controverted. The latter is binding. Judicial admissions are evidence against the party making them in the course of a judicial proceeding and are substitutes for, and dispense with, actual proof of the facts. 20 Am Jur, Evidence par 557. We note that defendant's statement was made to another during the course of an investigation and not during a judicial proceeding. It was offered by the plaintiff and not by the defendant or any witness, statement, document or pleading submitted by or for the defendant at the trial. As such, it is an evidentiary rather than a judicial admission. In addition, it is not within the perimeter of the limitations stated by the Supreme Court in McCormack v. Haan, 20 Ill2d 75, 78, 169 NE2d 239, 240, as follows:

"Of course a party may, by his own testimony, conclusively bar his claim or his defense. But a determination that he has done so depends upon an evaluation of all of his testimony, and not just a part of it. It depends, too, upon an appraisal of his testimony in the light of the testimony of the other witnesses and a consideration of their respective opportunities to observe the facts about which they testify. McCormick on Evidence, pp 513–516; 9 Wigmore on Evidence, 3rd ed, sec 2594(a)."

Evaluated with the other testimony in the record, defendant's statement to the officer is not conclusive. That he could not and did not stop is clear from this record. Why this was so, is in sharp dispute. His statement can stand side by side with his and the other testimony indicating that the plaintiff cut directly in front of him. The record before us is, for

these reasons, readily distinguishable from the following cases cited by the plaintiff. Tennes v. Tennes, 320 Ill App 19, 50 NE2d 132; Leisenring v. E. Herlan Lumber Co., 18 Ill App2d 610, 152 NE2d 892; Huber v. Black and White Cab Co., 18 Ill App2d 186, 151 NE2d 641. It follows that the judgment notwithstanding the verdict was improvidently entered.

Turning now to the conditional order granting a new trial, the scope of our authority is rather clearly defined in Buer v. Hamilton, 48 Ill App2d 171, 199 NE2d 256, and need not be here redefined. The memorandum of the trial judge and the order granting the conditional new trial are grounded solely on the proposition that "the verdict of the jury is against the manifest weight of the evidence." In his motion for new trial and in his brief, plaintiff alludes to circumstances which he says obviously prejudiced the jury in favor of the defendant. Enumerated briefly, these circumstances are that the trial was conducted during the Cuban crisis and defendant appeared in court in uniform with his markmanship medals; that his mother testified for him on the question of intoxication; that the jury took the case about 6:00 p. m. on the evening before Thanksgiving; that the bailiff, at the request of some jurors, called their homes for the purpose of making plans for the holidays and that the jury reached its verdict in 50 minutes deliberation time before and after they were fed. We have read the entire record in this case. We cannot attach to these circumstances either singly or in combination the profound significance now urged for them. The record is wholly barren of a suggestion either by inference or otherwise that they tainted the deliberations of the jury or its verdict.

■■■ In a well-tried lawsuit singularly free from questions about pleading, evidence, or instructions, the jury has spoken. We cannot say that another jury

might not properly reach a different result. We cannot, on the contrary, say that the jury's finding is unreasonable, arbitrary, and unsupported by the evidence or that a second jury might not reach the same result. A conclusion opposite to their verdict is not clearly evident. They saw and heard the witnesses. They determined the credibility of witnesses. By their verdict they sorted the wheat from the chaff. Their verdict is not against the manifest weight of the evidence and no intervening errors are suggested. The trial court erred in substituting his judgment for that of the jury.

Accordingly, this cause is reversed and remanded to the trial court with directions to set aside and vacate the verdict of the second jury and the judgment entered thereon, to vacate the order granting a judgment notwithstanding the verdict and the conditional order granting a new trial, and to reinstate the not guilty verdict of the original jury and the judgment entered thereon.

Reversed and remanded with directions.

TRAPP and CRAVEN, JJ., concur.