Corine Scoggins, Plaintiff-Appellant, v. Village of Hartford, Illinois, a Municipal Corporation, Defendant-Appellee.

Gen. No. 69–105.

Fifth District.

August 26, 1970.

Hoagland, Maucker, Bernard & Almeter, of Alton (James K. Almeter, of counsel), for appellant.

Coppinger and Carter, of Alton (John B. Coppinger and Arthur L. Greenwood, of counsel), for appellee.

GOLDENHERSH, J.

Plaintiff petitioned for, and this court granted, leave to appeal from the order of the Circuit Court of Madison County granting defendant a new trial. This is the third appeal in this cause.[1]

In its order allowing defendant's motion for a new trial, the trial court states that in its opinion plaintiff failed to prove she was in the exercise of due care and caution for her own safety under the circumstances surrounding the occurrence.

■ The order of the trial court granting a new trial should not be set aside unless it affirmatively appears that the trial court abused its discretion or proceeded

---

[1] Scoggins v. Village of Hartford, 86 Ill App2d 233, 229 NE2d 550. Scoggins v. Village of Hartford, 104 Ill App2d 403, 244 NE2d 433.

upon a clear misapprehension of a supposed controlling rule of law, Brenton v. Sloan's United Storage & Van Co., 315 Ill App 278, 42 NE2d 945.

■ "Unless the finding of the jury on a question of fact is so unreasonable, arbitrary and unsupported by the evidence, that it would justify the trial judge in granting a new trial, the finding of the jury is binding upon the court under the facts. Stilfield v. Iowa-Illinois Gas & Electric Co., 25 Ill App2d 478, 490, 167 NE2d 295." (Buer v. Hamilton, 48 Ill App2d 171, 175, 199 NE2d 256.)

"The same rule that says that a reviewing court will not reverse the trial court except in clear cases of abuse of discretion, also applies to the trial judge in passing on a motion for a new trial. The trial judge has no right to interpose his judgment for that of the jury on the question of fact presented, unless that judgment is unreasonable, arbitrary and unsupported by the evidence." (Buer v. Hamilton, supra, 176.)

The testimony shows that plaintiff was injured as the result of a fall on the morning of March 9, 1963. She had left her home to go to a grocery store, and to reach her destination she walked on a sidewalk which extended in an easterly and westerly direction over some railroad tracks. There was a broken area in the south side of the sidewalk west of the tracks. This broken area, approximately 15 feet in length, extended from a point approximately 10 feet west of the center of the tracks to a point approximately 25 feet west of the center of the tracks. The sidewalk had been in existence for several years and the broken condition had existed for some time. Although plaintiff used this sidewalk frequently, and was aware of its broken condition, she had not previously slipped or fallen there.

At the time of the occurrence, she was wearing flat-heeled shoes and eyeglasses. She was walking in a normal manner and was not carrying anything. She usually walked over the north side of the sidewalk. At the time

of the occurrence, as she was descending a slope, she started to slide on some pebbles or gravel. She knew that usually there was this type of debris on the sidewalk, but did not pay any particular attention to it on this day, and did not notice it until she started to fall.

As she slid, her foot or toe struck the broken portion of the sidewalk, causing her to trip and fall on her knee.

██  In our opinion, the facts in this case are similar to those found in Swenson v. City of Rockford, 9 Ill2d 122, 136 NE2d 777. In its opinion the Supreme Court said, at page 127, "The use of a defective sidewalk by a person who has knowledge of the defect is not contributory negligence per se, and if, while walking upon that sidewalk, such person is in the exercise of ordinary care for his or her safety, there may be a recovery in case of an injury. (Wallace v. City of Farmington, 231 Ill 232; City of Mattoon v. Faller, 217 Ill 273.) Ordinary care has been defined to be that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances. Austin v. Public Service Co. of Northern Illinois, 299 Ill 112.

"In Village of Clayton v. Brooks, 150 Ill 97, this court said: 'The law is, we think, well settled, that knowledge of the defect in the sidewalk, by the person injured, before he goes upon the same or before injury, does not per se establish negligence on his part. . . . "It is plain that one may exercise due care with full knowledge of the danger to which he is exposed or to which he lawfully exposes himself. This certainly is not contributory negligence." ' In the same case (p 106,) it was said, quoting from Sherman & Redfield on Negligence: 'The mere fact that a traveler is familiar with the road, and knows of the existence of a defect therein, will not impose upon him the duty to use more than ordinary care in avoiding it. . . . Such knowledge is a circumstance, and perhaps a strong one, but it should be submitted, with the other

231

facts of the case, to a jury, for them to determine, whether, with such knowledge, the plaintiff exercised ordinary care in proceeding on a way known to be dangerous, or, in proceeding, used ordinary care to avoid injury.' "

■ ■ From our examination of the record we conclude there is sufficient evidence of plaintiff's exercise of due care to submit that issue to the jury, and the jury's verdict is not contrary to the manifest weight of the evidence.

The order to the Circuit Court of Madison County is, accordingly, reversed, and the cause remanded with directions to enter judgment on the verdict.

Order reversed and cause remanded with directions.

MORAN and EBERSPACHER, JJ., concur.