NORMAN E. DOERR, et al., Plaintiffs-Respondents, v. HERBERT J. PALM, Defendant-Petitioner.

(No. 54870;

First District—August 31, 1971.

Schaffenegger & Watson, of Chicago, (Jack L. Watson, of counsel,) for appellant.

Ruskin and Rosenbaum, of Chicago, (Martin L. Bogot, of counsel,) for appellees.

Mr. JUSTICE STAMOS delivered the opinion of the court:

This is an appeal from an order granting plaintiff's motion for a new trial after a jury verdict in favor of defendant.

On August 28, 1963, Herbert J. Palm operated a Chevrolet automobile in a southerly direction on Pulaski Road, approaching its intersection with Wellington St., in the City of Chicago. Plaintiff Doerr was the driver of a Mercury station wagon which was also facing in a southerly direction on Pulaski Road, but was stopped at the aforesaid intersection waiting for the red traffic control light to change. Plaintiff Dolan was a passenger in the Mercury. It further appears that defendant's Chevrolet struck the right rear portion of the plaintiffs' Mercury. At the time this incident occurred, it had been raining and the street was wet.

The impact of the collision damaged the front bumper, the grill and one of the front fenders of the Chevrolet. In addition, its hood was caused to spring open. The rear portion of the Mercury was damaged. Dolan was thrown off his seat on to the floor. The impact also caused Doerr to be rapidly thrust backward and then forward. Both plaintiffs testified that they sustained whiplash injuries and were taken by the police to the hospital.

At the trial, plaintiffs, pursuant to section 60 of the Civil Practice Act, (Ill. Rev. Stat. 1969, ch. 110, sec. 60) called defendant to testify as an adverse party. He stated, among other things, that as he approached Wellington St. and was about one-half block to the north of that street, his speed was about thirty miles per hour. Defendant when asked if he had his mind on something else, responded: "Yes, perhaps I was thinking, trying to think ahead a little bit. That's my job." He further stated that he had seen the stopped Mercury when he was about forty feet behind it, and at the time applied his brakes. In addition, defendant testified that when he reached a point approximately fifteen feet to the

rear of the Mercury, he hit a greasy slick spot on the street that covered an area of fifteen feet, lost all traction and slid into the Mercury at a speed of about ten to fifteen miles per hour.

Doerr testified that as he approached the traffic control light, he had no difficulty stopping his vehicle and didn't encounter any greasy slick spots on the street. Dolan's testimony was to the same effect. The jury then returned their verdict in defendant's favor.

After hearing on a motion for new trial, the trial court, after hearing argument of both counsel stated:

"* * * The only thing I am concerned about is the finding of the jury, because I questioned the jury after it was all over. I found out what their reasoning was and so forth and so on; I have a little advantage over you. The only thing I am concerned about is the way the accident happened, and that is what I want to confine myself to hear."

Counsel for plaintiff then interjected and said:

"In concluding then, Judge, I would only say this, that the admissions of the defendant as to speed on a slippery pavement, the fact that the plaintiff was stopped at a stop light, which is admitted by both sides, indicates definite negligence. There were items of damage that were stipulated to, uncontested, and it is a matter of law. He was entitled to a verdict. * * * I respectfully think we should have a new trial.

The Court: Both sides finished?

Defendant's Counsel: Both sides finished.

The Court: Now, as I said, I have a little advantage over you people, because I questioned the jury. Frankly, I was very surprised at the verdict, because there was no question even admitted by counsel for the defendant. The plaintiff was standing still, I think it was Western and what other cross street?

Counsel: Wellington and Pulaski.

The Court: Wellington, that's right and Pulaski. So, I said to the jury, and one juror said afterwards, "I certainly didn't believe the fellow on his testimony on all those expenses, because it was a slight tap. 'He said, at least he felt he should be paid for the damages to his car. He said, after all, the fellow was standing at the light, he didn't back up into the defendant; the defendant ran into him. He said he admitted there was an oil slick, and apparently he could not control his car. So, I asked him, I said, "Why did you—"Well, he said, it was getting late and so forth, and I notice from here that the case went to the jury at 2:55. They came out at 4:05. I think the verdict was manifestly against the weight of the evidence, and I am going to grant a new trial. Motion for new trial allowed; draw the order please."

*OPINION*

■■ A motion for new trial is addressed to the discretion of the trial judge and his judgment will not be reversed except for a clear abuse of that discretion, which must affirmatively appear from the record. (*Potter v. Ace Auto Parts & Wreckers, Inc.*, 49 Ill.App.2d 354.) In reviewing the exercise of that discretion where no procedural errors are alleged, the applicable standard is whether the jury's verdict was contrary to the preponderance of the evidence. *Skiba v. Ruby*, 113 Ill.App.2d 170; *Biel v. Wolff*, 126 Ill.App.2d 209.

Initially, defendant contends that the trial court based its ruling for new trial on the conversation with the jurors. Defendant relies upon *Loucks v. Pierce*, 341 Ill.App. 253, wherein the trial court granted a new trial predicated upon the judge's extra-judicial investigation of alleged irregularities during the jury's deliberations. In that case this court observed: "It is apparent the trial court did not purport to be passing upon the evidence."

■■ However, a fair and objective reading of the trial court's remarks in the present case indicate that after the verdict was returned the trial court determined that a motion for new trial would be appropriate and merely engaged in an inquiry with the jurors in an effort to perceive how they could have returned a verdict contrary to the evidence.

■■ In any event, the impropriety of a trial court's reasoning for its decision is of no importance if the decision itself is correct (*Miller v. Chicago Transit Authority*, 78 Ill.App.2d 375) and therefore, we must review the court's decision according to the standard as outlined above to determine whether the jury's verdict was contrary to the preponderance of the evidence.

■■ In reviewing the record, we find that the trial court did not abuse its discretion in granting plaintiffs' motion for new trial. The verdict was clearly contrary to the preponderance of the evidence.

Defendant admitted that it was "raining quite hard" at the time of the accident; that he was moving at about 30 miles an hour; and that he eventually struck plaintiffs' vehicle at a speed of approximately 15 miles an hour. The only defense interposed by defendant was that the accident was unavoidable due to the existence of an "oil slick" on the pavement. However neither plaintiffs' vehicle nor the vehicle behind defendant had any difficulty stopping.

Moreover, defendant's attempts to explain the inability to brake his vehicle were contradictory. Defendant initially testified that he applied his brakes before encountering the slick thereby reducing his speed by approximately half. He later testified that he applied his brakes as his vehicle encountered the slick.

It is also significant that defendant testified that he did not notice plaintiffs' stopped vehicle until he was approximately three car lengths behind it and that at the time he was thinking ahead.

Therefore, we affirm the judgment of the trial court in granting plaintiffs a new trial.

Judgment affirmed.

LEIGHTON, P. J., and SCHWARTZ, J., concur.