MARY L. STRINGER, Plaintiff-Appellee, *v.* DONNA F. McHUGH, Defendant-Appellant.

(No. 74-293;

Fifth District—September 2, 1975.

KARNS, J., dissenting.

Burton C. Bernard, of Bernard & Davidson, of Granite City, for appellant.

Callis, Schooley, Filcoff & Hartman, of Granite City (David H. Adamson III, of counsel), for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal by defendant-appellant, Donna McHugh, from an order of the Circuit Court of Madison County granting plaintiff-appellee, Mary Stringer, a new trial. (Ill. Rev. Stat. 1973, ch. 110A, par. 306.) The case arose from an automobile accident. Plaintiff asked for money damages in a complaint charging defendant with negligence. After trial, the jury found the issues for defendant in a general verdict and, in two special interrogatories, found that the negligence of both parties contributed to the accident. On the basis of plaintiff's post-trial motion, the court overturned the verdict and ordered a new trial.

■■ Defendant first contends that plaintiff's failure to object specifically to the jury's answers to the two special interrogatories submitted binds plaintiff and the trial court to the jury's answers. Thus, argues defendant, the court erred in granting a new trial. As noted above, the interrogatories asked, in separate forms, if defendant was guilty of negligence and if plaintiff was guilty of contributory negligence. Both were answered in the affirmative. Plaintiff's post-trial motion refers consistently only to "the verdict" as being contrary to the law and evidence. At one point, however, the motion states, "All of the evidence shows, without any material question of fact, that the Defendant was guilty of negligence and the Plaintiff was free of contributory negligence." At another point, the motion alleges, "The Court erred in not granting Plaintiff's Motion for a directed verdict on the question of contributory negligence." Defendant argues that these references were insufficient to preserve error concerning the special interrogatories. From this record, however, we believe that

the post-trial motion sufficiently attacked the validity of the special interrogatories. *Wozniak v. Segal*, 56 Ill.2d 457, 308 N.E.2d 611 (1974); *Fopay v. Noveroske*, 31 Ill.App.3d 182 (1975).

Defendant's second contention is that the trial court applied the wrong standard in viewing the evidence to determine if a new trial was warranted. The court entered an order explaining its decision and reviewing the evidence. Although, as plaintiff notes, the court stated three tests, "manifest weight of the evidence," "greater weight of the evidence," and "preponderance of the evidence," the order taken as a whole clearly indicates that the last two only were employed. The order cites several cases in support of the proposition that the trial court, deciding the validity of the verdict, is to determine where the greater weight or the preponderance of the evidence lies and rule accordingly. These cases are representative of a line of recent cases arising in the First District Appellate Court. (*Doerr v. Palm*, 1 Ill.App.3d 902, 274 N.E.2d 889 (1971); *Skiba v. Ruby*, 113 Ill.App.2d 170, 251 N.E.2d 771 (1969); *Rodriguez v. Chicago Transit Authority*, 58 Ill.App.2d 150, 206 N.E.2d 828 (1965); *Potter v. Ace Auto Parts & Wreckers, Inc.*, 49 Ill.App.2d 354, 199 N.E.2d 618 (1964); *Lukich v. Angeli*, 31 Ill.App.2d 20, 175 N.E.2d 796 (1961).) Under this theory, if the trial court sustains the verdict, the reviewing court may disturb this ruling only where it is against the manifest weight of the evidence; apparently, if the trial court sets aside the verdict, a reviewing court may overrule that decision where a clear abuse of discretion appears of record.

■■ We believe, however, that this test gives too much discretion to the trial court to substitute its opinion of the evidence for that of the jury. We have held that the jury's verdict should not be disturbed by the trial court unless it is "unreasonable, arbitrary, and unsupported by the evidence." (*Scoggins v. Village of Hartford*, 128 Ill.App.2d 228, 262 N.E.2d 97 (1970); *Buer v. Hamilton*, 48 Ill.App.2d 171, 199 N.E.2d 256 (1964); see also *Cora v. Chicago Housing Authority*, 131 Ill.App.2d 23, 268 N.E.2d 497 (1st Dist. 1971); *Bartolomucci v. Clarke*, 60 Ill.App.2d 229, 208 N.E.2d 616 (4th Dist. 1965); *Stilfield v. Iowa-Illinois Gas and Electric Co.*, 25 Ill.App.2d 478, 167 N.E.2d 295 (2nd Dist. 1960).) In *Bank of Marion v. Robert "Chick" Fritz, Inc.*, 57 Ill.2d 120, 126, 311 N.E.2d 138, 141 (1974), the court stated:

> The trial court also made a conditional ruling that if the judgment for the plaintiff were reversed on appeal, a new trial should be granted (Ill. Rev. Stat. 1971, ch. 110, par. 68.1(6)). The appellate court held that there was no basis for granting a new trial. We agree. A verdict may not be set aside simply because the trial judge believes a different conclusion would be more reasonable.

(*Guthrie v. Van Hyfte*, 36 Ill.2d 252.) In this case we do not find that the verdict of the jury was against the manifest weight of the evidence. Consequently it was error to conditionally grant a new trial.

We believe that the rule affords the jury verdict the greater respect and consideration that it is due. Neither the trial judge nor the reviewing court should sit as a second jury to consider the nuances of the evidence or the demeanor and credibility of the witnesses. Rather their function is to act as a check upon possible excesses of the jury to correct substantial injustices which might result.

■■ The evidence before the jury in the instant case is not so unsatisfactory as to justify vacation of the verdict. The accident was a typical rear-end collision. Defendant was behind plaintiff when plaintiff made a right turn into a parking lot. The evidence of the distance between the two cars, when plaintiff braked and when plaintiff put on her turn signal was in conflict. The jury had before it all the evidence and could view the witnesses. Complete and proper instructions were given and the jury was afforded the opportunity to express its opinion as to the negligence of each party. We cannot say that the verdicts were contrary to the manifest weight of the evidence. See *Painter v. Charlton*, 46 Ill.App. 2d 276, 196 N.E.2d 718 (1964).

The order of the Circuit Court of Madison County granting a new trial is reversed.

Reversed.

JONES, P. J., concurs.

Mr. JUSTICE KARNS, dissenting:

While I agree fully with the proposition of law enunciated by the majority, I am of the opinion, based on my consideration of the record, that the verdict was against the manifest weight of the evidence. As noted by the majority, this was a "typical rear-end collision." The evidence may be in conflict as to when or whether plaintiff activated her turn signal but in my view of the case no action by the plaintiff proximately caused or contributed to the accident. I would affirm.