(No. 20637.—

GEORGE TAAKE, Appellant, *vs.* EDWARD EICHHORST, Appellee.

*Opinion filed June 18, 1931.*

C. S. MILLER, for appellant.

JOE CRAIN, and W. E. CUMMINS, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellant, George Taake, here seeks a review of a judgment of the circuit court of Pulaski county in bar of his action against appellee, Edward Eichhorst, for trespass to real estate alleged to belong to appellant and the destruction of growing crops thereon to the amount of about five or six dollars. To the declaration appellee filed pleas of the general issue and *liberum tenementum,* and special pleas that the place where the alleged trespass occurred was a public highway and that appellee had an easement of right of way over the place where the alleged trespass occurred. The jury trial resulted in a general verdict of not guilty.

At the request of appellant the court submitted to the jury, in writing, two questions of fact for their special finding, as follows: "Was there a public road over the plaintiff's land described in the declaration herein at the time of the committing of the trespass alleged?" "Did the defendant, Edward Eichhorst, have a private easement or right of way across the land of the plaintiff described in the declaration herein at the time of the committing of the alleged trespass?" As to each question the jury returned with their verdict a special finding in the affirmative.

While a motion for a new trial was made by appellant no mention of the special findings was made therein. No motion was made to set aside the special findings and they are not mentioned in the assignments of error in this court. It has been held by this court many times that where no motion is made in the trial court by the appellant to set aside a special finding of fact and no question has been raised with reference thereto on a motion for a new trial and no error has been assigned with reference thereto this court is conclusively bound by such special finding of fact. (*Brimie* v. *Belden Manf. Co.* 287 Ill. 11; *Voight* v. *Anglo-American Provision Co.* 202 id. 462; *Brant* v. *Chicago and Alton Railroad Co.* 294 id. 606.) There was no question in this case as to the doing by appellee of the acts constituting the alleged trespass and the resultant damage therefrom. The only question involved was whether appellee had a right of passage over the place in question, either as one of the public traveling over a public highway or as a resultant from an easement of right of way. Both of these questions being conclusively established in appellee's favor, the judgment of the trial court must of necessity be affirmed.

*Judgment affirmed.*