Sophie Wozniak, Plaintiff-Appellant, v. Louis Segal et al., Defendants-Appellees.

(No. 53118; ▆▆▆▆▆▆▆▆

First District—September 15, 1972.

*Rehearing denied October 30, 1972.*

Arthur Aaron Ellis and Morris William Ellis, both of Chicago, (Ellis & Ellis, of counsel,) for appellant.

Neil K. Quinn, of Pretzel, Stouffer, Nolan & Rooney, of Chicago, (Joseph B. Lederleitner, of counsel,) for appellees.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Plaintiff appeals from "the judgment order finding defendants 'not guilty' " and from the denial of the post-trial motions and prays for a reversal of those orders.

Plaintiff contends that prejudicial arguments by defendants' counsel and trial errors resulted in an unfair trial. She does not question the sufficiency of the evidence nor does she urge that the special jury finding of contributory negligence was against the manifest weight of the evidence.

Plaintiff was injured when she was struck by an automobile driven by defendant Steelman and owned by defendant Segal. She testified that as she was walking west on Armitage Avenue at the intersection of Cicero Avenue, after alighting from an Armitage Avenue bus, she crossed Cicero Avenue on the green light. Her nine-year-old son corroborated this statement. However, four disinterested witnesses testified that she ran across Cicero Avenue while the light was red for Armitage Avenue traffic. Defendant Steelman testified that he was driving north on Cicero Avenue and entered the Armitage Avenue intersection with the green light.

At the close of the evidence defendants requested a special interrogatory under paragraph 65 of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, par. 65), which the court submitted to the jury. It read: "Was the plaintiff, Sophie Wozniak, guilty of contributory negligence, as defined in these instructions, that proximately contributed to cause the occurrence in question?"

The jury answered "Yes."

■■ In her post-trial motion plaintiff made no mention of the special finding nor did she seek any relief from that finding.

In *Taake v. Eichhorst*, 344 Ill. 508, 509, 176 N.E. 765, plaintiff sought a review of a judgment of not guilty of trespass to property. Special interrogatories had been submitted. The jury found defendant not guilty and by its answers to the special interrogatories also found that the road in question was a public road and that defendant had a private easement or right of way across the land. The court stated:

"While a motion for a new trial was made by appellant no mention of the special findings was made therein. No motion was made to set aside the special findings and they are not mentioned in the assignments of error in this court. It has been held by this court many times that where no motion is made in the trial court by the appellant to set aside a special finding of fact and no question has been raised with reference thereto on a motion for a new trial and no error has been assigned with reference thereto this court is conclusively bound by such special finding of fact. (*Brimie v. Belden Manf. Co.* 287 Ill. 11; *Voight v. Anglo-American Provision Co.* 202 id. 462; *Brant v. Chicago and Alton Railroad Co.* 294 id. 606.)"

See also *Huff v. Illinois Central Railroad Company,* 4 Ill.App.3d 113, 280 N.E.2d 256 (strikingly similar to the case at bar), and *Scott v. Hernon,* 3 Ill.App.3d 172, 278 N.E.2d 259.

■■ Since we are conclusively bound by the special finding and no attack has been made thereon, we are compelled to affirm the judgment.

Judgment affirmed.

LORENZ, P. J., and ENGLISH, J., concur.