(No. 45540.—

SOPHIE WOZNIAK, Appellant, v. LOUIS SEGAL *et al.,* Appellees.

*Opinion filed January 23, 1974.—Rehearing denied March 28, 1974.*

Arthur Aaron Ellis and Morris William Ellis, of Ellis & Ellis, for appellant.

Neil K. Quinn and Pretzel, Stouffer, Nolan & Rooney, of Chicago (Joseph B. Lederleitner, of counsel), for appellees.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiff, Sophie Wozniak, brought this action against Louis and Samuel Segal, individually and doing business as K. C. Auto Supply Company, and against Allen Steelman, their employee. She sought to recover damages for injuries she suffered when she was struck by an automobile operated by Steelman in the course of his employment. The jury returned a general verdict in favor of the defendants and specially found that the plaintiff was guilty of contributory negligence. The plaintiff appealed from the adverse judgment and the appellate court affirmed. 7 Ill. App. 3d 900.

In its opinion the appellate court pointed out that "In her post-trial motion plaintiff made no mention of the special finding nor did she seek relief from that finding", and then held that "Since we are conclusively bound by the special finding and no attack has been made thereon,

we are compelled to affirm the judgment." So holding, the appellate court refused to consider alleged errors in the rulings of the trial court with respect to the admission and exclusion of evidence and the instructions to the jury which had been asserted in the post-trial motion. We granted leave to appeal to consider the soundness of the limitation thus placed upon the power of the court.

The facts were summarized by the appellate court:

"Plaintiff was injured when she was struck by an automobile driven by defendant Steelman and owned by defendant Segal. She testified that as she was walking west on Armitage Avenue at the intersection of Cicero Avenue, after alighting from an Armitage Avenue bus, she crossed Cicero Avenue on the green light. Her nine-year-old son corroborated this statement. However, four disinterested witnesses testified that she ran across Cicero Avenue while the light was red for Armitage Avenue traffic. Defendant Steelman testified that he was driving north on Cicero Avenue and entered the Armitage Avenue intersection with the green light." 7 Ill. App. 3d at 901.

The appellate court reached the result that it did upon the authority of the following statement in *Taake v. Eichhorst* (1931), 344 Ill. 508, 509:

"*** It has been held by this court many times that where no motion is made in the trial court by the appellant to set aside a special finding of fact and no question has been raised with reference thereto on a motion for a new trial and no error has been assigned with reference thereto this court is conclusively bound by such special finding of fact. (*Brimie v. Belden Manf. Co.* 287 Ill. 11; *Voight v. Anglo-American Provision Co.* 202 id. 462; *Brant v. Chicago and Alton Railroad Co.* 294 id. 606.)"

In our opinion this statement does not, as a theoretical proposition, accurately describe the power of the court, nor does it accurately describe what the courts have done. It is one thing to say, as many opinions of this court and the appellate court have said, that a litigant is "concluded" or "conclusively bound" by some action he has taken or failed to take. It is a very different thing to say that a court is barred from reaching a just result by that action or inaction. So it is that we held in *Freeman v. Chicago Transit Authority* (1965), 33 Ill.2d 103, 105, that although section 68.1(2) of the Civil Practice Act (Ill. Rev. Stat. 1961, ch. 110, par. 68.1(2)) "confines a litigant, upon appeal, to those matters specifically raised in the trial court, it contains nothing that suggests an intention to interfere with the power of a trial court to act upon its own motion." And in that case we pointed out that the decisions of other courts sustaining the authority of a trial court to grant a new trial upon its own motion "are based upon a recognition that the role of a trial judge is not that of a presiding officer or an umpire, and that he is responsible for the justice of the judgment that he enters." 33 Ill.2d at 106.

With respect to an appellate court we pointed out in *Hux v. Raben* (1967), 38 Ill.2d 223, 224:

"*** The last sentence of Rule 341(e)(7) of the rules of this court (36 Ill.2d 138), 'Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing', states an admonition to the parties, not a limitation upon the jurisdiction of the reviewing court. The distinction clearly appears when that sentence is read in conjunction with Rule 366, which deals with the powers of a reviewing court and the scope of review. Rule 366 provides: '(a) *Powers*. In all appeals the reviewing court may in its discretion, and on such terms as it deems just *** (5) give any judgment and make

any order that ought to have been given or made, ***.' (36 Ill.2d 159.)"
And we observed that:

"These provisions recognize that the responsibility of a reviewing court for a just result and for the maintenance of a sound and uniform body of precedent may sometimes override the considerations of waiver that stem from the adversary character of our system." 38 Ill.2d at 225.

It may be that there have been instances, other than *Taake v. Eichhorst,* in which this court or the appellate court, has acted upon the view there expressed. None have been cited to us, and our own search, which was not exhaustive, has not turned up any. *Taake v. Eichhorst* is overruled to the extent that it purports to state a limitation upon the judicial power. The judgment of the appellate court in the case before us is reversed, and the cause is remanded to that court for further proceedings.

*Reversed and remanded.*