THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEROY THOMAS STICKLER, Defendant-Appellant.

(No. 74-200;

Fifth District—September 3, 1975.

JONES, P. J., dissenting.

Paul Bradley and Laurence A. Benner, both of State Appellate Defender's Office, of Chicago, for appellant.

John H. Ward, State's Attorney, of Taylorville (Bruce D. Irish and Myra J. Brown, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant appeals from a judgment of the circuit court of Christian County sentencing him to the Department of Corrections of the State of Illinois for a minimum of 3 years and a maximum of 10 years for the crime of burglary after the trial court accepted his plea of guilty to the crime of burglary and to the crime of theft under $150 in value.

■■ Defendant first contends that his conviction for the crime of theft should be reversed because it arose from the same conduct as that of the burglary, even though he was not sentenced on the theft charge. There is no dispute that the property he was found guilty of taking was taken during the burglary. Since this is true, he could be convicted and sentenced only for the crime of burglary. (*People v. Staggs*, 12 Ill.App.3d 339, and cases cited therein.) This leaves us with the problem of whether we should reverse on the theft charge since no sentence was imposed and therefore no appealable judgment. This same problem was presented to and answered by our supreme court in *People v. Lilly*, 56 Ill.2d 493, where the court said at page 496:

"It is true that 'The final judgment in a criminal case is a sentence' * * * and that in the absence of the imposition of sentence an appeal cannot be entertained. * * * However, this case is properly before us on appeal with regard to the defendant's claim as to his conviction for rape and we have authority under Rule 366 to vacate the incomplete judgment entered on the indecent liberties verdict. * * * Accordingly we will vacate the judgment of conviction as to the count of the indictment which charged the defendant with the lesser offense of indecent liberties."

Under this rationale, we will vacate the judgment of conviction as to the count of the indictment which charged the defendant with the lesser offense of theft.

■■ The defendant next contends that the trial court erred in using an improperly obtained confession of the defendant to supply a factual basis for the plea of guilty in order to meet the requirement of Supreme Court Rule 402(c). He points out that the defendant was 17 years of age at the time the statement was given; that he had already been incarcerated for 27 days at the time the statement was taken without an attorney or parent being present. This would have been persuasive argument had an attack been made on the confession in the trial court, but we are unable to see its application to a case where the statement was not used against the defendant as an admission of guilt, but only as a procedure to satisfy the trial judge that defendant actually committed the crime.

Lastly, defendant contends his sentence is excessive. However, it will

not be necessary to consider this contention under the view that we take of this case. No evidence was offered by the defendant at the sentencing hearing, and the trial court relied solely on the presentence report which disclosed that the defendant was 17 years of age, his father and mother were divorced. He had experienced treatment in various treatment centers in the state prior to the commission of the present offense. He had an extensive juvenile record. At the time of the commission of the present offense, the defendant was on probation for possession of not more than 2.5 grams of marijuana, a Class C misdemeanor offense. The report stated:

"The Defendant stated he has used marijuana and most every available drug. The Defendant stated he began using drugs at an early age and has been dealing in drugs off and on since he was sixteen years of age. The Defendant stated he does not use drugs to escape reality but uses drugs because they make him feel good. The Defendant stated he looks forward to getting high as soon as this trouble is over.

The Defendant stated he has been confined for treatment on two occasions for hyperactivity. The Defendant stated he was having problems at school while residing in Montana and was confined to Warm Springs State Hospital. While under the Dept. of Corrections, State of Ill. the Deft. entered a Juvenile Mental Health Program known as VAST."

The trial court recognized the nonviolent nature of the crime saying:

"The facts in this case are not shocking to say the least in that there was no violence involved. As I understand the element in this case, a pre-sentence report, the defendant entered an unoccupied building; so I couldn't under any circumstances distinguish or characterize this offense as a violent offense, so I am taking into consideration the evidence received on the plea of guilty and am going to consider and will consider the presentence report which has been filed in this case;   *   *   *."

In *People v. Dill*, 23 Ill.App.3d 503, the court said at page 506:

"We agree with the holding of *People v. Robinson*, 12 Ill.App.3d 291, 297 N.E.2d 621, insofar as it holds that the trial judge, when dealing with an individual convicted of a crime 'has reason to believe' that the defendant is addicted, is required to exercise his discretion whether or not to invoke the Act. The record must demonstrate that the trial judge has, in fact, exercised that discretion. No formula is intended to be prescribed, but the record must, in some fashion, establish that the trial judge, in the exercise of his discretion, made a deliberate decision to impose sentence or other sanctions available to him under the Code of Corrections

in lieu of invoking the provisions of the Dangerous Drug Abuse Act."

■■ During the sentence hearing on this case, neither defendant's counsel nor the State's attorney nor the trial judge made any reference to the Dangerous Drug Abuse Act. In addition, this issue has not been raised on appeal. However, in our opinion this is plain error affecting substantial rights and should therefore be considered by us although not raised in the trial court or in this court. Supreme Court Rules 366 and 615; *Hux v. Raben*, 38 Ill.2d 223, 230 N.E.2d 831; *Wozniak v. Segal*, 56 Ill.2d 457, 308 N.E.2d 611; *People v. Baltimore*, 7 Ill.App.3d 633, 288 N.E.2d 659.

Accordingly, sentence is vacated and the cause is remanded to the trial judge for a new sentencing hearing in conformity with the views herein expressed.

Reversed and remanded.

KARNS, J., concurs.

Mr. PRESIDING JUSTICE JONES, dissenting:

Probation for treatment under the Dangerous Drug Abuse Act is not a "substantial right"; it is not a right at all. It is a matter that lies within the discretion of the trial court (*People v. Robinson*, 12 Ill.App.3d 291, 297 N.E.2d 621; *People v. Dill*, 23 Ill.App.3d 503, 319 N.E.2d 240; *People v. Edwards*, 29 Ill.App.3d 625, 331 N.E.2d 342), and, beyond that, a matter for election by the defendant (Ill. Rev. Stat., ch. 91½, § 120.10). If a trial court can confer or withhold probation for drug treatment as a matter of discretion and there must also be an affirmative election by defendant to accept the treatment program that accompanies the probation, if it be granted, the failure to consider such probation cannot, by definition, be a "substantial right." Nevertheless, the majority have so designated it and, despite the fact that the matter was not raised with the trial court or on appeal, have declared it to be "plain error." I disagree and dissent.