JOHN DEERE HARVESTER WORKS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Larry Adkins, Appellee).

Third District (Industrial Commission Division)   No. 3—92—0981WC

Opinion filed February 23, 1994.

Hubbard B. Neighbour, of Bozeman, Neighbour, Patton & Noe, of Moline, for appellant.

Allan Hartsock, of Winstein, Kavensky & Wallace, of Rock Island, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Claimant, Larry Adkins, filed an application for adjustment of claim pursuant to the Workers' Occupational Diseases Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 172.36 *et seq.*). Therein he alleged loss of hearing in both ears arising out of and in the course of employment with John Deere Harvester Works (the employer). Claimant did not allege work-related hearing loss beyond August 3, 1987, at which time he began to use hearing protection. The arbitrator found that claimant had sustained a 27.3% loss of hearing in his left ear and 15.17% loss of hearing in his right ear.

On review, the Industrial Commission (Commission) adopted the arbitrator's decision. The circuit court confirmed the Commission's decision, and this timely appeal followed.

On appeal, the employer raises two issues, namely, (1) that the Commission's decision was against the manifest weight of the evidence, and (2) the Commission erred in denying the admission of evidence obtained in claimant's work area in October 1989.

Before dealing with these issues, we must address another matter. At oral argument, the employer referred to this court's recent decision of *Young v. Industrial Comm'n* (1993), 248 Ill. App. 3d 876. Subsequently, the employer filed a motion to cite additional authority, namely, *Young*. Said motion was granted.

In the brief accompanying its motion, the employer first contends that *Young*'s formula for determining hearing loss contradicts the one utilized in the instant cause by the arbitrator and the Commission. In *Young*, the court stated:

"We conclude that under section 8(d)(16)(d), an employer is not liable for *any hearing loss* attributable to injury arising prior to July 1, 1975, and that compensable hearing loss after July 1, 1975, is that amount of hearing loss occurring after July 1, 1975, in excess of 30 decibels." (Emphasis added.) *Young*, 248 Ill. App. 3d at 881.

In the cause before us, both the arbitrator and the Commission employed a formula which gave the employer credit only for that portion of the pre-1975 hearing loss which would be compensable under section 8(d)(16)(c). Said section provides that hearing losses of 30 decibels or less constitute no compensable hearing disability.

In his resistance to the employer's motion to cite the *Young* case, claimant states:

"There is no dispute whatsoever that if the opinion in *Young* is applied to this case, compensation would be denied and all other issues would become moot. We do not dispute or disagree [with] the manner in which the *Young* formula has been calculated by the appellant in its brief."

Given this admission, the issues before us are: (1) whether this court will apply *Young* retroactively; and (2) whether the employer waived calculation of claimant's hearing loss by the *Young* method by failing to raise it before the Commission, the circuit court or this court on appeal.

Regarding retroactivity of *Young*, the employer cites *Kocik v. Commonwealth Edison Co.* (1993), 242 Ill. App. 3d 679, wherein the court wrote:

"As a general rule, judicial decisions are given retroactive effect. [Citation.] The decision of a court is applied retroactively to pending cases unless the court expressly declares that its decision is a clear break with past precedent or practice. [Citations.] Judicial interpretation of a statute does not necessarily constitute a change in the law." *Kocik*, 242 Ill. App. 3d at 682.

The *Young* opinion makes no declaration that its decision is a discrete break with precedent. Rather, the *Young* court states that it is merely interpreting the plain language of the relevant statute.

Accordingly, we find that *Young* should be applied retroactively if this court finds it proper to be considered in making its decision.

Further, the employer argues that it should be allowed to apply *Young* to the instant case, although it did not raise the formula issue prior to its motion before this court at the time of oral argument. The employer's counsel asserts that he had raised the issue in prior cases without success and that it had become common for the Commission to grant credit only for compensable prior loss. We agree with the claimant that these attempts to explain away the employer's failure to pursue this plausible line of defense are not persuasive. This was a defense that should have been brought before the Commission.

The employer also contends that, in the interest of fairness, as well as maintaining a consistent body of precedent, this court should apply the *Young* rule to the instant case. In support of this argument, the employer cites *Wozniak v. Segal* (1974), 56 Ill. 2d 457, and *Diversified Computer Services, Inc. v. Town of York* (1982), 104 Ill. App. 3d 852.

In *Wozniak*, plaintiff sought damages for injuries incurred when she was struck by an automobile. A jury returned a verdict in favor of defendants and specially found plaintiff contributorily negligent. The appellate court affirmed the judgment, holding that it was bound by the special finding where plaintiff made no motion in the trial court to set aside the special finding of fact, and no error was assigned with reference to same in a motion for a new trial. In reversing the appellate court, our supreme court stated:

"With respect to an appellate court we pointed out in *Hux v. Raben* (1967), 38 Ill. 2d 223, 224:

'*** The last sentence of Rule 341(e)(7), of the rules of this court [citation], "Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing", states an admonition to the parties, not a limitation upon the jurisdiction of the reviewing court. The distinction clearly appears when that sentence is read in conjunction with Rule 366, which deals with the powers of a reviewing court and the scope of review. Rule 366 provides: "(a) *Powers.* In all appeals the reviewing court may in its discretion, and on such terms as it deems just *** (5) give any judgment and make any order that ought to have been given or made. [Citation.]" '

And we observe that:

'These provisions recognize that the responsibility of a reviewing court for a just result and for the maintenance of a sound and uniform body of precedent may sometimes override the consider-

ations of waiver that stem from the adversary character of our system.' [Citation.]" *Wozniak*, 56 Ill. 2d at 460-61.

In *Diversified Computer Services*, appellant was permitted to raise the question of the illegality of an agreement for the first time on review, although it did not attack its validity at the trial or include the issue in its post-trial motion. The *Diversified* court stated:

"Moreover, it must be recognized that while the litigants are bound by rules of waiver the courts are not similarly barred when it may be proper to override them to achieve a just result or maintain a uniform body of precedent in a case of public importance. [Citations.] We choose to consider the merits of the issue of whether a township has authority to enter into a multi-year contract for which funds have not been fully appropriated." *Diversified*, 104 Ill. App. 3d at 855.

In response, claimant maintains that the precedential value of the instant appeal is minimal, as fewer and fewer cases involving pre-1975 hearing loss will arise in the coming years.

We do not find claimant's response compelling. There is no certainty as to the number of cases involving pre-1975 hearing loss that are now pending or may arise in the future. Moreover, we think it is of great importance to maintain a consistent approach to the issues which are addressed by the court. Accordingly, we find that this court's decision in *Young* applies to the instant appeal.

As the parties agree, the application of *Young* to the facts of this case requires a reversal of the Commission's decision, wherein claimant was awarded compensation for hearing loss.

For reasons stated above, we reverse the circuit court's confirmation of the Commission's decision.

Reversed.

McCULLOUGH, P.J., and RAKOWSKI, SLATER, and RARICK, JJ., concur.