*In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR, of Cook County, Illinois, For Order of Judgment and Sale of Lands and Lots Upon Which All or a Part of the General Taxes for the 1996 Tax Year are Delinquent Pursuant to Application Sections of the Revenue Act of 1939, as Amended (Forus Mortgage Corporation, Petitioner-Appellee, v. Denis Dwyer *et al.*, Respondents-Appellants).

First District (4th Division)    No. 1—02—3493

Opinion filed August 25, 2005.

Douglas W. Graham, of Chicago, for appellants.

Benjamin J. Bass, of Bass Law Offices, of Lake Forest, and Howard Harris, of Sedona, Arizona, for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

Petitioner Forus Mortgage Corporation filed a petition and application for a tax deed of a single-family residence owned by respondents Denis and Lillian Dwyer based on their failure to pay general taxes in 1996. Following an evidentiary hearing, the trial court granted the petition and issued a tax deed. Respondents appealed, contending that the trial court erred in ordering the issuance of a tax deed because petitioner violated various statutory provisions of the Property Tax Code (the Code) (35 ILCS 200/22—5 *et seq.* (West 2000)) and that certain of the trial court's factual determinations were against the manifest weight of the evidence. We dismissed respondents' appeal as untimely. *In re Application of the County Treasurer*, 346 Ill. App. 3d 624 (2004) (hereinafter *Forus I*). The supreme court reversed our decision and remanded the case with directions that we consider its merits. *In re Application of the County Treasurer*, 214 Ill. 2d 253 (2005) (hereinafter *Forus II*).

On remand, respondents further contend for the first time that the trial court's order was erroneous because petitioner failed to comply with section 22—10 of the Code (35 ILCS 200/22—10 (West 2000)), which required it to notify respondents of the address where the petition hearing was to take place.

Because we have fully discussed the facts of this case in *Forus I*, here we outline only the facts pertinent to this appeal.

On February 13, 1998, in a public tax sale, Tax Deed, Inc., purchased the 1996 delinquent real estate taxes of respondents' single-family home. Tax Deed, Inc., subsequently assigned its interest in the taxes to petitioner. On August 24, 2000, petitioner filed a petition for an order directing the Cook County clerk to issue a tax deed conveying the property to petitioner unless respondents redeemed the taxes during the redemption period, which ended on January 17, 2001. Petitioner notified respondents of the expiration of the period of redemption and indicated that a hearing on the matter would be held "in the Circuit Court of Cook County in Room 1704, Richard J. Daley Center, Chicago, Illinois on January 31, 2001 at 9:30 A.M." Respondents did not make a redemption prior to the expiration of the redemption period.

The case proceeded to a hearing on January 31, 2001, at which time the trial court granted petitioner's request for a continuance and denied Denis'[1] request that it dismiss the case because he was served

---

[1]Although she was named as a respondent, Lillian did not file an appearance in the litigation until after the trial court had granted the petition for issuance of the tax deed.

with a document bearing the incorrect case number. On February 16, 2001, petitioner filed an "application for an order directing the county clerk to issue a tax deed" to which it attached an affidavit outlining the process by which all parties with an interest in the property were served or attempted to be served as well as several other documents. On April 10, 2001, Denis filed a *pro se* appearance. Thereafter, on May 1, 2001, Denis filed a formal objection to the petition, alleging that he had received the wrong notice from the clerk's office and was not served by the sheriff. The objections were denied on July 12, 2002.

After an evidentiary hearing on July 30, 2002, the trial court granted petitioner's application and entered an order that the clerk issue a tax deed to petitioner. On August 21, 2002, respondents each filed a "posttrial motion." Thereafter, Lillian was ordered to file, and filed, an appearance. On October 24, 2002, the trial court denied both motions. Respondents filed a common notice of appeal on November 19, 2002.

We dismissed respondents' appeal as untimely. Initially, we determined that under section 22—45 of the Code (35 ILCS 200/22—45 (West 2000)), a party may challenge an order for issuance of a tax deed only by "direct appeal or a motion brought under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2000))." *Forus I*, 346 Ill. App. 3d at 629. We found that such a limitation did not violate the separation of powers clause of our constitution (Ill. Const. 1970, art. II, § 1). We determined that respondents' posttrial motions could not be considered petitions for relief under section 2—1401 of the Code of Civil Procedure. Accordingly, because the posttrial motions filed by respondents on August 21, 2002, did not specifically request one or more of the types of relief authorized by section 22—45 of the Code, they did not extend the time for filing their notices of appeal. Respondents' notice of appeal, filed on November 19, 2002, over two months after the trial court's entry of its order for deed, therefore did not comply with the 30-day requirement of Supreme Court Rule 303(a)(1) (155 Ill. 2d R. 303(a)(1)).

Respondents appealed to the Supreme Court of Illinois. The court held that, in enacting the Code, "the legislature intended to give merchantable title to the tax purchaser by limiting *collateral* but not *direct* attacks on the order for issuance of a tax deed." (Emphasis in original.) *Forus II*, 214 Ill. 2d at 269. Accordingly, section 22—45 of the Code permitted a direct attack, by postjudgment motion, on the order for issuance of a tax deed. Because respondents' notices of appeal were filed within 30 days of the denial of their proper postjudgment motions, they were timely. The supreme court reversed our judgment, remanded the case to this court and directed us to consider the merits of respondents' appeal.

On remand, respondents reassert their original contentions of error. Respondents further moved for leave to submit supplemental authority. Specifically, respondents noted that in *In re Application of the County Collector*, 356 Ill. App. 3d 668 (2005) (hereinafter *Dream Sites*), which was filed on March 22, 2005, another division of the First District Appellate Court held that section 22—10 of the Code required a petitioner to notify a respondent of the street address of the location where the petition hearing would be held. Under such an interpretation of the Code, respondents argued, the trial court's order was erroneous because petitioner had not provided the street address of the Daley Center in its section 22—10 notice. Petitioner replied that such a contention was waived because it was not raised at trial, in a posttrial motion or in respondents' appellate brief. Petitioner further requested an opportunity to brief its argument that, waiver aside, *Dream Sites* should not be applied retroactively. We granted respondents' motion to submit additional authority and ordered the parties to brief arguments related to the retroactive application of *Dream Sites*.

■ We must first address petitioner's allegation that this court does not have jurisdiction to consider Lillian's appeal because of defects in her notice of appeal. Specifically, petitioner argues that, because Lillian never appeared in the trial court prior to filing her "posttrial motion," the court's judgment against her on July 30, 2002, amounted to a default judgment. Accordingly, petitioner characterizes Lillian's "posttrial motion" as a motion to vacate a default judgment under section 2—1301 of the Code of Civil Procedure (735 ILCS 5/2—1301 (West 2000)), rather than as a motion for reconsideration under section 2—1203 of the Code of Civil Procedure (735 ILCS 5/2—1203 (West 2000)). Petitioner argues that a notice of appeal from the denial of a section 2—1301 motion should indicate that the denial of the motion, rather than the entry of the final order, is being appealed. Petitioner concludes that the notice of appeal was defective as to Lillian because it failed to indicate that she appealed the court's October 24, 2002, denial of her motion to vacate the default judgment entered against her and instead indicated that she appealed the court's July 12, 2002, order denying Denis' formal objections and July 30, 2002, order for the issuance of a tax deed.

Notably, in *Forus I*, we characterized Lillian's "posttrial motion" as a "section 2—1203 motion[ ] for reconsideration." *Forus I*, 346 Ill. App. 3d at 630. The supreme court did not disagree with such a characterization in *Forus II*. See *Forus II*, 214 Ill. 2d 253. We adhere to our characterization of Lillian's motion as a section 2—1203 motion for reconsideration and find that the notice of appeal was not defective and we are not deprived of jurisdiction over Lillian's case.

We turn now to respondents' contention that petitioner violated section 22—10 of the Code by failing to indicate the street address of the location of the hearing. Because we find the resolution of this contention dispositive of the case, we need not address the remaining contentions raised by respondents.

■ Section 22—10 of the Code provides that "[a] purchaser or assignee shall not be entitled to a tax deed to the property sold unless, not less than 3 months nor more than 5 months prior to the expiration of the period of redemption, he or she gives notice of the sale and the date of expiration of the period of redemption to the owners, occupants, and parties interested in the property." 35 ILCS 200/22—10 (West 2000). A 1997 amendment to the Code added that "[i]n counties with 3,000,000 or more inhabitants, the notice shall also state the address, room number and time at which the matter is set for hearing." Pub. Act 89—686, eff. June 1, 1997 (amending 35 ILCS 200/22—10 (West 1996)).

As noted by respondents, this court recently construed the meaning of the word "address." In *Dream Sites*, after buying real property owned by the respondent at a tax sale, the petitioner notified the respondent of the expiration of the period of redemption pursuant to section 22—10 of the Code. The notice stated that the hearing for issuance of a tax deed would be held in " 'Room 1704, Richard J. Daley Center in Chicago, Illinois.' " *Dream Sites*, 356 Ill. App. 3d at 669. The respondent objected to the sufficiency of the notice, arguing that the statute required that the petitioner provide the full address of the Richard J. Daley Center. The trial court overruled the respondent's objection and granted the petition for the issuance of a tax deed.

On appeal, the *Dream Sites* court acknowledged that section 22—40 of the Code (35 ILCS 200/22—40 (West 2000)) requires that a petitioner strictly comply with section 22—10 and:

> "With respect to notice and tax deeds specifically, it has been held that such notice provisions are to be rigidly enforced. [Citation.] The notice must contain every essential statutory element, and if it omits even one, the deed issued pursuant to that notice will be void. [Citations.] The tax buyer must strictly comply with the statutory notice requirements without regard to whether any owner, *inter alia*, was misled by the defective notice. [Citation.] In other words, courts presume prejudice to the owner." *Dream Sites*, 356 Ill. App. 3d at 670.

The court further noted that "[n]o Illinois case has defined the meaning of the term 'address' either in the context of this provision or any other." *Dream Sites*, 356 Ill. App. 3d at 671. Furthermore, the legislative history revealed that the only statement made with respect to the

amendment was that, " 'We've also amended the Property Tax Code to provide greater notice to people to protect taxpayers.' " *Dream Sites*, 356 Ill. App. 3d at 672, quoting 89th Ill. Gen. Assem., House Proceedings, March 27, 1996, at 3-4 (statement of Representative Cross). The court reasoned that notice is sent to taxpayers to provide them with adequate information regarding the location of their hearings and that, because building names frequently change, the failure to provide a street address would impede that purpose. The court further reviewed several dictionaries' definitions of "address"; each definition included the number, street, city and state. The *Dream Sites* court concluded that, "[t]he only clear and obvious intent of the amendment was that such notices require a street address of the courthouse where the tax deed hearing will be held." *Dream Sites*, 356 Ill. App. 3d at 674. Accordingly, the court found that the petitioner's notice did not satisfy the statutory requirements and reversed the trial court's judgment.

■ Respondents contend that we should apply the *Dream Sites* holding retroactively, while petitioner requests that we apply *Dream Sites* prospectively only.

"Generally, when a court issues an opinion, the decision is presumed to apply both retroactively and prospectively. [Citations.] That presumption can be overcome in two types of circumstances. First, the issuing court itself may expressly state that its decision will be applied prospectively only. [Citations.] Second, a later court may, under certain circumstances, override the presumption by declining to give the previous opinion retroactive effect, at least with respect to the parties appearing before the later court." *Aleckson v. Village of Round Lake Park*, 176 Ill. 2d 82, 86 (1997).

In considering whether to apply the decision prospectively or retroactively, we will consider

"whether the decision to be applied nonretroactively establishes a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. If either of these criteria is met, the question of prospective or retroactive application will be answered by considering whether, given the purpose and prior history of the rule, its operation will be retarded or promoted by prospective or retroactive application and whether prospective application is mandated by a balance of equities." *Bogseth v. Emanuel*, 166 Ill. 2d 507, 515 (1995).

■ The parties agree that, in *Dream Sites*, the court did not expressly state that its holding should be applied only prospectively. We must, therefore, determine whether the presumption that the *Dream Sites* decision will be applied retroactively is overcome under

the circumstances of this specific case. The parties further agree that the *Dream Sites* decision did not overrule clear past precedent. However, as noted, when *Dream Sites* was decided, "[n]o Illinois case [had] defined the meaning of the term 'address' either in the context of [section 22—10 of the Code] or any other [statutory provision]." *Dream Sites*, 356 Ill. App. 3d at 671. Accordingly, the *Dream Sites* court's examination of the statutory language and its resulting determination that section 22—10 of the Code required a petitioner to notify a respondent of the street address where the tax hearing would take place were matters of first impression. Nonetheless, we cannot say that the resolution of the issue in *Dream Sites* was not clearly foreseeable. In 1997, the Code was amended to require that a petitioner notify a respondent of "the address, room number and time at which the matter is set for hearing." 35 ILCS 200/22—10 (West 2000). The Code itself further requires strict compliance with its mandate. 35 ILCS 200/22—40 (West 2000). Additionally, courts of this state have consistently rigidly enforced the Code, uniformly rejecting anything less than strict compliance. See, *e.g.*, *In re Application of the County Collector*, 295 Ill. App. 3d 703, 710-11 (1998) (reversing the reinstatement of a tax deed where the petitioner failed to strictly comply with statutory requirements when it failed to include a complete certificate number on notice forms it sent the respondent); *In re Application of the County Treasurer & ex officio County Collector of Cook County, Illinois, For Order of Judgment & Sale of Lands & Lots Upon Which All or Part of the General Taxes for Five or More Years are Delinquent Pursuant to Section 235A of the Revenue Act of 1939, as Amended*, 213 Ill. App. 3d 535, 542 (1991) (reversing the issuance of a tax deed where notice to the respondent, mailed by the sheriff, failed to strictly comply with statutory requirement that it is mailed not less than three nor more than five months prior to the expiration of the period of redemption); *In re Application of Cook County Collector*, 100 Ill. App. 3d 178, 180 (1981) (finding that because a petitioner for a tax deed must strictly comply with the statutory notice requirements, reversal of issuance of the deed was warranted when the petitioner's notices placed the property in the wrong municipality). We find that the statutory and judicial requirements that the Code is strictly adhered to and the fact that the statute was amended to provide greater notice to taxpayers foreshadowed the *Dream Sites* holding. Furthermore, in light of the requirement of strict compliance, the language of the statute itself, requiring that a section 22—10 notice state the address where the matter is set for hearing, foreshadowed the *Dream Sites* decision. See *Tosado v. Miller*, 188 Ill. 2d 186, 197 (1999) (finding that retroactive application of its

decision was appropriate because the statutory language of the statute interpreted by the decision foreshadowed its interpretation; therefore, the decision did not announce a new principle of law); *John Deere Harvester Works v. Industrial Comm'n*, 258 Ill. App. 3d 778, 779 (1994) (decision that "merely interpret[ed] the plain language of the relevant statute" should be applied retroactively). Accordingly, we find that this is not a situation in which petitioner relied on the previous law in bringing his action nor is it a situation in which petitioner lacked guidance regarding how it should proceed. Although the *Dream Sites* decision was a matter of first impression, because it was foreshadowed by the statutory language of the Code, the amendment to section 22—10 of the Code and case law, we will apply the decision retroactively.

We additionally note that, even if we had found that the *Dream Sites* holding were not clearly foreseeable, we would still apply it retroactively. In *Dream Sites*, the holding was motivated by the court's belief that "the legislature, in amending section 22—10 of the Code, intended that the notices required by this section would include the street address of the courthouse in question." *Dream Sites*, 356 Ill. App. 3d at 673. Accordingly, the purpose of our decision was to make practice conform to the legislature's intent. The retroactive enforcement of our *Dream Sites* decision promotes such a purpose. See *Giovenco v. Board of Fire & Police Commissioners*, 312 Ill. App. 3d 93, 96 (2000) (finding retroactive application of an Illinois Supreme Court decision appropriate where retroactive application "promotes its purpose of making practice conform to the legislature's intent"). Furthermore, while our decision to apply *Dream Sites* retroactively will cause hardship to tax buyers, we cannot say that the hardship outweighs the other factors we have considered.

■ Nevertheless, petitioner maintains that respondents should not be permitted to argue that the notice was insufficient for failure to provide a street address because they did not raise such an argument at trial, in their posttrial motions or in their original appellate briefs. The appellate court addressed a similar contention of waiver in *John Deere*. In *John Deere*, the claimant alleged hearing loss in both ears arising out of his employment with John Deere. An arbitrator found that the claimant had sustained a 27.3% loss of hearing in his left ear and a 15.17% loss in his right ear. The Industrial Commission adopted the decision and the trial court confirmed the Industrial Commission's decision. On appeal, the employer contended that the Industrial Commission's decision was against the manifest weight of the evidence and that it erred in denying the admission of certain evidence. After the parties had fully briefed the case, at oral argument, one of the parties

referred the appellate court to its recent holding in *Young v. Industrial Comm'n*, 248 Ill. App. 3d 876 (1993). In *Young*, the court had construed a statute to provide a formula for determining liability for hearing loss that was different from that employed by the arbitrator in the *John Deere* lower court. Thereafter, the appellate court granted the employer's motion to cite additional authority, namely *Young*. The court found that *Young* would apply retroactively. Furthermore, in addressing the contention that the employer had waived calculation of claimant's hearing loss by the *Young* method by failing to raise it before the Industrial Commission, the trial court or the appellate court, the court cited *Wozniak v. Segal*, 56 Ill. 2d 457 (1974). In *Wozniak*, the supreme court stated:

> "[W]e pointed out in *Hux v. Raben*[, 38 Ill. 2d 223, 224 (1967)]:
>
> '*** The last sentence of Rule 341(e)(7) of the rules of this court [citation], "Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing", states an admonition to the parties, not a limitation upon the jurisdiction of the reviewing court. The distinction clearly appears when that sentence is read in conjunction with Rule 366, which deals with the powers of a reviewing court and the scope of review. Rule 366 provides: "(a) *Powers*. In all appeals the reviewing court may in its discretion, and on such terms as it deems just *** (5) give any judgment and make any order that ought to have been given or made ***." [Citation.]'
>
> And we observed that:
>
> 'These provisions recognize that the responsibility of a reviewing court for a just result and for the maintenance of a sound and uniform body of precedent may sometimes override the considerations of waiver that stem from the adversary character of our system.' [Citation.]" *Wozniak*, 56 Ill. 2d at 460-61.

The *John Deere* court further cited *Diversified Computer Services, Inc. v. Town of York*, 104 Ill. App. 3d 852 (1982), in which the court stated, "it must be recognized that while the litigants are bound by rules of waiver the courts are not similarly barred when it may be proper to override them to achieve a just result or maintain a uniform body of precedent in a case of public importance." *Diversified Computer Services*, 104 Ill. App. 3d at 855. The court found that "it is of great importance to maintain a consistent approach to the issues which are addressed by the court"; thus, it refused to consider the employer's argument waived. *John Deere*, 258 Ill. App. 3d at 781.

Here, as in *John Deere*, in the interest of maintaining a consistent approach to the issue decided in *Dream Sites*, we refuse to consider respondents' contention regarding the requirements of section 22—10 of the Code waived.

■ Having determined that *Dream Sites* should be applied retroactively and that we will not consider that respondents' contention regarding the address requirement of section 22—10 waived, we turn now to the facts of this case. In this case, petitioner notified respondents that a hearing would be held on its petition at the "Richard J. Daley Center, Chicago, Illinois." While respondents have not alleged that they were prejudiced by petitioner's failure to notify them of the address of the hearing, we note that the statutory requirements are clear and that "[t]he tax buyer must strictly comply with the statutory notice requirements without regard to whether any owner, *inter alia*, was misled by the defective notice." *Dream Sites*, 356 Ill. App. 3d at 670. Under the *Dream Sites* holding, therefore, the petitioner was not entitled to a tax deed because it failed to comply with section 22—10 of the Code. Accordingly, we reverse the trial court's order for the issuance of a tax deed.

Reversed.

QUINN, P.J., and THEIS, J., concur.