NOTICE
This Order was filed under Supreme
Court Rule 23 and is not precedent
except in the limited circumstances
allowed under Rule 23(e)(1).

2023 IL App (4th) 220264-U

NO. 4-22-0264

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 12, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| In the Matter of the Application of the County Collector | ) | Appeal from the |
| for Judgment and Order of Sale Against Lands and Lots | ) | Circuit Court of |
| Returned Delinquent for the Non-Payment of General | ) | Sangamon County |
| Taxes for the Year 2016, | ) | |
| | ) | |
| TERESA R. BUSHONG, | ) | |
|       Petitioner-Appellant, | ) | |
|       v. | ) | No. 17TX1 |
| DON GRAY, SANGAMON COUNTY CLERK; | ) | |
| OCCUPANT; ILLINOIS NATIONAL BANK; | ) | |
| JENNIFER L. CLINE; UNKNOWN OWNERS OR | ) | |
| PARTIES INTERESTED; and NONRECORD | ) | |
| CLAIMANTS, | ) | Honorable |
|       Respondents (Jennifer L. Cline, | ) | Gail L. Noll, |
| Respondent-Appellee). | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Turner and Steigmann concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed, holding the trial court did not err in denying the petition for an order directing the issuance of a tax deed on the basis that petitioner failed to establish she strictly complied with the statutory requirement that respondent be personally served with notice of the expiration of the period of redemption.

¶ 2   Petitioner, Teresa R. Bushong, purchased the taxes due for the 2016 tax year for a residential property at 2404 Sutherland Road in Springfield, Illinois (subject property). Thereafter, Bushong filed a petition for an order directing the issuance of a tax deed for the

subject property. Respondent, Jennifer L. Cline, the owner and occupant of the subject property, filed a "Motion Contesting Petition for Order Directing Issuance of a Tax Deed and Order for Possession, and to Reject Tax Deed" requesting that the trial court deny Bushong's petition.

¶ 3		Following a hearing, the trial court denied Bushong's petition because Bushong failed to: (1) strictly comply with section 22-5 of the Property Tax Code (Code) (35 ILCS 200/22-5 (West 2018)), (2) strictly comply with the requirement in section 22-15 of the Code (*id.* § 22-15) that Cline be personally served with a notice of the expiration of the period of redemption as set forth in section 22-10 of the Code (*id.* § 22-10) (section 22-10 notice), and (3) establish that the process server who allegedly served Cline was a licensed private detective.

¶ 4		Bushong appeals, arguing the trial court erred in denying her petition for an order directing the issuance of a tax deed on each of the three stated bases. We affirm.

¶ 5		                    I. BACKGROUND

¶ 6		In November 2017, Bushong purchased the taxes for the subject property for the 2016 tax year. In January 2018, Bushong delivered to the circuit clerk a notice of sale pursuant to section 22-5 of the Code (*id.* § 22-5) (section 22-5 notice), which was addressed to be mailed to "Cline, Jennifer L. & Coughlin, Patricia A., c/o Illinois National Bank, 322 E. Capitol Ave., Springfield."

¶ 7		On April 7, 2020, Bushong filed a petition for an order directing the issuance of a tax deed concerning the subject property, which stated the period of redemption would expire September 30, 2020. On October 5, 2020, Bushong filed an "Application for an Order Directing the County Clerk to Issue Tax Deed," which stated the redemption period had expired, all the required notices had been served on the interested parties, and Bushong had complied with all the statutory provisions related to tax deeds.

¶ 8 Bushong also filed an "Affidavit in Support of Application for Tax Deed," which was later replaced by an "Amended Affidavit in Support of Application for Tax Deed." Along with her "Amended Affidavit in Support of Application for Tax Deed," Bushong filed a process service affidavit indicating Jamie Williams of Bi-State Security and Investigative Services, Inc., had personally served Cline with a section 22-10 notice on May 20, 2020, at 10:30 a.m. at the subject property. The affidavit indicated Cline was a white female who was approximately 50 years old. Bushong also attached a process service affidavit stating Williams had intended to serve Coughlin at the same time he served Cline, but she was deceased.

¶ 9 On November 18, 2020, Cline filed a "Motion Contesting Petition for Order Directing Issuance of a Tax Deed and Order for Possession, and to Reject Tax Deed" requesting that the trial court deny the petition for an order directing the issuance of a tax deed. The motion alleged the section 22-5 notice was defective because it was delivered to Illinois National Bank at 322 East Capitol Avenue in Springfield, Illinois, when it was required to be delivered to Cline at the subject property, where she resided. The motion also alleged the section 22-10 notice was defective because Cline was never personally served with it. According to Cline, she was at work and was not present at the subject property at the time Williams claimed he had served her.

¶ 10 On December 22, 2020, Bushong filed a "Motion to Strike and Dismiss" Cline's "Motion Contesting Petition for Order Directing Issuance of a Tax Deed and Order for Possession, and to Reject Tax Deed." The "Motion to Strike and Dismiss" alleged the section 22-5 notice complied with section 22-5 of the Code (*id.* § 22-5) because the county assessor's records showed that Illinois National Bank was the tax assessee of record. The motion also alleged Cline was served personally with a section 22-10 notice and was also served with one by certified mail. Bushong attached an affidavit in support of the motion in which she stated she had

searched the records in the county assessor's office and found that Illinois National Bank was the tax assessee of record. She also attached as exhibits to the motion printouts from the website for Sangamon County indicating the 2016 and 2017 taxes were assessed to Cline and Coughlin "c/o Illinois National Bank" at 322 E. Capitol Avenue, Springfield, Illinois.

¶ 11 On March 26, 2021, Cline filed a response to the "Motion to Strike and Dismiss," in which she alleged Illinois National Bank "appeared in the assessor's records not as the party in whose name taxes were assessed, but only because the bank previously held a mortgage on the property and paid the taxes from an escrow account established by the property owner." Cline further alleged that a diligent inquiry would have shown Illinois National Bank filed a release of mortgage deed in December 2017, the taxes were assessed in the name of the owner of the subject property, and the property was owner-occupied. Cline filed an affidavit in support of her response in which she averred she was the owner of the subject property, she made a full payment satisfying the mortgage previously held by Illinois National Bank before the 2016 property taxes were due, and she did not receive by certified mail either a section 22-5 notice or a section 22-10 notice.

¶ 12 On February 1, 2022, Bushong filed a "Combined Amended Motion to Strike and Dismiss," asserting that she properly sent the section 22-5 notice to Illinois National Bank because it was the assessee of record at the time of the tax sale. Bushong also filed an affidavit in support of the "Combined Amended Motion to Strike and Dismiss," which was prepared by Jamie Williams. In the affidavit, Williams stated that he was employed with Bi-State Security and Investigative Services, Inc., and that he personally served Cline with a section 22-10 notice at the subject property on May 20, 2020. According to Williams, Cline informed him at that time

that Coughlin was her grandmother and was deceased and he had no independent knowledge of who Coughlin was.

¶ 13　　　　On March 3, 2022, the trial court held a hearing on all pending matters. No transcript of the hearing was created, but the trial court approved three bystanders' reports prepared by the parties' attorneys. The bystanders' reports indicate Cline had testified that she was at work at the time the process server allegedly served her with the section 22-10 notice. Cline stated that, in May 2020, she was employed in an office and worked from 8 a.m. to 5 p.m. on weekdays. She testified that she never went home for lunch during workdays, and she was not at home around 10:30 a.m. on May 20, 2020. Records purportedly from Cline's employer were admitted into evidence. One document was a printout from a computer program showing Cline worked eight hours on May 20, 2020. A second printout purportedly showed the days Cline had taken time off in 2020, and May 20 was not one of the dates.

¶ 14　　　　The bystanders' reports reflect the court took judicial notice of the fact that Bi-State Investigative Services, Inc., was licensed as a private detective agency and that its owner was licensed as a private detective. Cline's counsel argued, in part, the petition for an order directing the issuance of a tax deed should be denied because (1) the section 22-5 notice was not sent to Cline, (2) Cline was not personally served with a section 22-10 notice, and (3) Bushong failed to establish Williams was licensed as a private detective such that he was authorized to personally serve Cline with the section 22-10 notice. Bushong's counsel argued that the taxes on the subject property were last assessed to Illinois National Bank prior to the time of the sale and the section 22-5 notice was properly delivered to Illinois National Bank. Bushong's counsel further argued that Williams served Cline as indicated in his affidavit and that

Williams was not required to be personally licensed as a private detective, as he was an employee of a licensed private detective agency.

¶ 15    The trial court orally denied Bushong's petition for an order directing issuance of tax deed and subsequently entered a written order. In the written order, the court noted that the records maintained by the county identified the owners of the subject property for the 2016 tax year as "Jennifer L. Cline and Patricia A. Coughlin c/o Illinois National Bank." The court found that because Bushong directed delivery of the section 22-5 notice to Illinois National Bank rather than Cline, she failed to strictly comply with the requirement of section 22-5 of the Code that the notice be given to the party in whose name the taxes were last assessed.

¶ 16    The trial court also found denial of the petition was necessary due to problems with the service of the section 22-10 notice. First, the court found that Bushong failed to establish Cline was personally served with a section 22-10 notice, which was required under section 22-15 of the Code (35 ILCS 200/22-15 (West 2018)) because Cline was an owner and occupant of the subject property. The court noted that Williams's affidavit indicated he served Cline at approximately 10:30 a.m. on May 20, 2020, but it found Cline's testimony that she was at work at that time to be credible. The court further found Cline's testimony was corroborated by records from her employer showing she worked eight hours that day and did not request time off from work. The court also found Bushong had failed to establish Williams was licensed as a private detective at the time he allegedly served Cline, as required by section 22-15 of the Code (*id.*).

¶ 17                              II. ANALYSIS

¶ 18    On appeal, Bushong argues that the trial court erred in denying her petition for an order directing the issuance of a tax deed based on her failure to establish that (1) she strictly

complied with the requirement in section 22-5 of the Code (*id.* § 22-5) that notice be given to the party in whose name property taxes were last assessed, (2) she strictly complied with the requirement in section 22-15 of the Code (*id.* § 22-15) that Cline be personally served with a section 22-10 notice, and (3) Williams was licensed as a private detective. Cline contends the trial court properly denied the petition for an order directing the issuance of a tax deed and that each of the three bases for denial set forth in the order independently supported the court's judgment.

¶ 19   We first consider Bushong's argument that the trial court erred in denying the petition for an order directing the issuance of a tax deed on the basis that she failed to establish Cline was personally served with the section 22-10 notice. Bushong contends the trial court erred in finding Cline's testimony that she was not home at the time Williams claimed he served her to be more credible than Williams's affidavit indicating that he served her with the section 22-10 notice on May 20, 2020. Bushong notes that Williams stated he learned from Cline at the time he served her that Coughlin was deceased and he had no independent knowledge of this information. Bushong contends this is strong evidence that Williams actually served Cline. Bushong also argues Cline had a motive to lie because she faced the loss of her residence. Bushong also argues that any failure to personally serve Cline with the section 22-10 notice was not "fatal to the tax deed proceeding."

¶ 20   Section 22-10 of the Code provides:

> "A purchaser or assignee shall not be entitled to a tax deed to the property sold unless, not less than 3 months nor more than 6 months prior to the expiration of the period of redemption, he or she gives notice of the sale and the date of

- 7 -

expiration of the period of redemption to the owners, occupants, and parties interested in the property, including any mortgagee of record." *Id.* § 22-10. Section 22-15, which concerns service of the section 22-10 notice, provides, in relevant part:

"The purchaser or his or her assignee shall give the notice required by Section 22-10 by causing it to be published in a newspaper as set forth in Section 22-20. In addition, the notice shall be served by a sheriff *** or *** by a person who is licensed or registered as a private detective under the Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004 upon owners who reside on any part of the property sold by leaving a copy of the notice with those owners personally." *Id.* § 22-15.

¶ 21     "The [trial] court shall insist on strict compliance with Section 22-10 through 22-25 [of the Code]." *Id.* § 22-40 (West 2020); see also *In re Application of Douglas County Treasurer*, 2014 IL App (4th) 130261, ¶ 34 ("It is well established a tax purchaser must strictly comply with the statutory notice requirements and such notice provisions are to be 'rigidly enforced.' "). It is the burden of the petitioner for a tax deed to demonstrate compliance with the Code and that he or she provided the requisite notice. *In re Application of the County Treasurer & ex officio County Collector*, 2011 IL App (1st) 101966, ¶ 44. An affidavit of service is *prima facie* evidence that process was properly served, and it should not be set aside unless "the return has been impeached by clear and satisfactory evidence." *In re Jafree*, 93 Ill. 2d 450, 455 (1982). "A defendant's uncorroborated testimony that he was never served is insufficient to overcome the presumption of service." *Freund Equipment, Inc. v. Fox*, 301 Ill. App. 3d 163, 166 (1998).

¶ 22       When, as in the instant case, the trial court conducts an evidentiary hearing, "we review whether the court's factual findings were against the manifest weight of the evidence and review any questions of law *de novo*." *GreenPoint Mortgage Funding, Inc. v. Hirt*, 2020 IL App (1st) 190832, ¶ 44. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or the finding is unreasonable, arbitrary, or not based on the evidence presented." *Id.*

¶ 23       Here, the trial court's finding that Bushong failed to establish that Cline was personally served with the section 20-10 notice was not against the manifest weight of the evidence. The bystanders' reports indicate Cline testified that she was not home at 10:30 a.m. on May 20, 2020—the time Williams's process service affidavit reflects he served her at the subject property. Cline testified she was employed in an office at that time, worked from 8 a.m. to 5 p.m. each Monday through Friday, and never went home for lunch. The trial court found Cline's testimony to be credible, and we will not substitute our judgment for that of the trial court concerning this credibility assessment. See *Freund*, 301 Ill. App. 3d. at 167. Significantly, Cline's testimony was corroborated by records purportedly from Cline's employer, which indicated she worked for eight hours on May 20, 2020, and did not use any sick or vacation leave on that day. While Williams's affidavit reflects that he served Cline on May 20, 2020, and spoke with her about her grandmother's death, we cannot say the trial court's finding that Cline's corroborated testimony was credible was unreasonable, arbitrary, or not based on the evidence.

¶ 24       It is uncontested that Cline was both an owner and an occupant of the subject property. As such, section 22-15 of the Code (35 ILCS 200/22-15 (West 2018)) required that she be personally served with the section 22-10 notice. Because the trial court's finding that Bushong failed to establish Cline was personally served with the section 22-10 notice was not against the

manifest weight of the evidence, the trial court did not err in denying the petition for an order directing the issuance of a tax deed on the basis that Bushong failed to establish strict compliance with section 22-15 of the Code.

¶ 25 We reject Bushong's argument that even if Cline was not personally served pursuant to section 22-15, this was not "fatal to the tax deed proceeding." In support of her argument, Bushong cites *In re Application of Cook County Treasurer*, 100 Ill. App. 3d 535, 536-37 (1981), which involved a collateral attempt to vacate a tax deed that had previously been issued on the basis that the owner had not been personally served with notice. The appellate court held that the petitioner/owner was not entitled to have the tax deed vacated in the collateral proceeding because the sheriff's alleged failure to personally serve the petitioner with notice did not render the court's prior order issuing the tax deed void, and the petitioner had not established fraud such that he was entitled to relief from a final judgment under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, ¶ 72). *Application of Cook County Treasurer*, 100 Ill. App. 3d at 538-42.

¶ 26 In reaching its holding, the appellate court expressly stated it was not considering the issue of whether the trial court would have been precluded from issuing a tax deed if the sheriff's alleged failure to serve the owner of the property had been raised prior to the issuance of the tax deed. *Id.* at 538. The court stated:

> "A [trial] court should not direct the county clerk to issue a tax deed until it is satisfied that the requirements of the Revenue Act have been met. [Citations.] But once the deed is issued, it is *** incontestable except by direct appeal [citations], it being the purpose of the legislature to provide a method for obtaining merchantable title." *Id.* at 538.

¶ 27      Here, unlike in *Application of Cook County Treasurer*, the owner of the property raised the issue of personal service *prior to* the issuance of a tax deed. As the tax deed had not yet been issued, it was Bushong's burden to show she was entitled to such a deed by demonstrating strict compliance with the statutory notice requirements, including the requirement in section 22-15 of the Code (35 ILCS 200/22-15 (West 2018)) that owners who resided on the property be personally served with a section 22-10 notice. See *Application of the County Treasurer & ex officio County Collector*, 2011 IL App (1st) 101966, ¶ 44; see also *Dick v. Mitchell*, 103 Ill. App. 2d 93, 96-97 (1968) ("Construction favoring the validity of tax deeds once they have been issued is not synonymous with the disregard of statutory procedure before they are issued.").

¶ 28      In sum, we find that the trial court properly denied the petition for an order directing issuance of a tax deed on the basis that Bushong failed to show strict compliance with the personal service requirement of section 22-15 of the Code (35 ILCS 200/22-15 (West 2018)). As this finding independently supports affirming the judgment of the trial court, we need not review the trial court's additional bases for denying the petition. See, *e.g.*, *In re County Treasurer*, 359 Ill. App. 3d 763, 768 (2005).

¶ 29                          III. CONCLUSION

¶ 30      For the reasons stated, we affirm the trial court's judgment.

¶ 31      Affirmed.